**UNITED STATES of America, Plaintiff–Appellant,**

v.

**Charles Ndidi NDAME, Defendant–Appellee.**

**No. 95–5058.**

United States Court of Appeals, Fourth Circuit.

Argued Nov. 2, 1995.

Decided June 24, 1996.

**ARGUED:** William Graham Otis, Senior Litigation Counsel, Alexandria, Virginia, for Appellant. Robert Stanley Powell, Arlington, Virginia, for Appellee. **ON BRIEF:** Helen F. Fahey, United States Attorney, Jay Apperson, Assistant United States Attorney, Alexandria, Virginia, for Appellant.

Before RUSSELL and WIDENER, Circuit Judges, and MICHAEL, Senior United States District Judge for the Western District of Virginia, sitting by designation.

Vacated and remanded by published opinion. Judge WIDENER wrote the opinion, in which Judge RUSSELL and Senior Judge MICHAEL joined.

### OPINION

WIDENER, Circuit Judge:

Charles Ndame was indicted in April 1994 for conspiracy to distribute heroin in violation of 18 U.S.C. § 846. Ndame was tried on

August 29—September 1, 1994, but the district court declared a mistrial because the jury could not reach a unanimous verdict. A second trial on November 2—3, 1994 also resulted in a mistrial because the jury was unable to reach a unanimous verdict.[1] Ndame moved to dismiss the indictment on November 16, 1994 on double jeopardy and due process grounds. The district court denied Ndame's motion on November 18, 1994, but stated that it would have granted the motion had it not been for newly discovered evidence of unexplained wealth by Ndame.

The government and Ndame jointly moved for a continuance apparently to question witnesses on how Ndame got the money, during the time of the conspiracy, to pay restitution for another crime. The district court denied the motion for continuance on the ground that the payments were collateral to the main issue in the case.[2] Ndame then moved to dismiss the case because the court had denied his prior motion to dismiss and had mentioned what it would do were it not for the newly discovered evidence. Because the court had denied a continuance which would have enabled the parties to develop the newly discovered evidence of unexplained wealth, the district court treated that as a holding that the evidence would be inadmissible and dismissed the indictment with prejudice.[3]

The government appeals to this court and makes two arguments. First, the government argues that the double jeopardy clause does not bar a third prosecution of Ndame following two hung-jury mistrials. Second, the government argues that a district court judge, who is not familiar with the case, should not rule *in limine* that evidence of unexplained wealth would be excluded as insufficiently relevant. We reverse on the first ground, but do not decide the evidence question presented.

A defendant may be retried following a hung-jury mistrial. *Arizona v. Washington,* 434 U.S. 497, 505, 98 S.Ct. 824, 830, 54 L.Ed.2d 717 (1978); *United States v. Perez,* 22 U.S. (9 Wheat.) 579, 580, 6 L.Ed. 165 (1824). Ndame did not object to either declaration of mistrial, and, indeed, moved for the second mistrial. Both mistrials were declared because juries could not reach a unanimous verdict. Therefore, we need go no further than to say that retrial in this case is not barred on account of former jeopardy. *Arizona,* 434 U.S. at 509, 98 S.Ct. at 832; *United States v. Ellis,* 646 F.2d 132, 134–35 (4th Cir.1981). As the Supreme Court has stated, "a mechanical rule prohibiting retrial whenever circumstances compel the discharge of a jury without the defendant's consent would be too high a price to pay for the added assurance of personal security and freedom from governmental harassment which such a mechanical rule would provide." *United States v. Jorn,* 400 U.S. 470, 480, 91 S.Ct. 547, 554, 27 L.Ed.2d 543 (1971).[4]

Ndame argues that because the government has had two chances to prosecute this case yet has not been able to obtain a conviction, due process requires the dismissal of the indictment. We have not found, nor has Ndame pointed us to, a case in our circuit which would support this argument, and we decline to entertain the due process argument on the facts of this case. While *Wade v. Hunter,* 336 U.S. 684, 69 S.Ct. 834, 93 L.Ed. 974 (1949), was decided in the context of the double jeopardy clause, its reasoning is persuasive here:

> The double-jeopardy provision of the Fifth Amendment ... does not mean that every time a defendant is put to trial before a competent tribunal he is entitled to go free if the trial fails to end in a final judgment. Such a rule would create an insuperable obstacle to the administration of justice in

1. Different judges within the Eastern District of Virginia, Alexandria Division presided over each trial.

2. This was yet a third judge from the Eastern District of Virginia, at Alexandria.

3. The judge who presided over the second trial granted Ndame's motion to dismiss.

4. Other than being set in the context of the dismissal of an appeal, *United States v. Ellis,* supra, comes to the same conclusion as we do here after two mistrials.

many cases in which there is no semblance of the type of oppressive practices at which the double-jeopardy prohibition is aimed. There may be unforeseeable circumstances that arise during a trial making its completion impossible, such as the failure of a jury to agree on a verdict. In such event the purpose of law to protect society from those guilty of crimes frequently would be frustrated by denying courts power to put the defendant to trial again.... What has been said is enough to show that a defendant's valued right to have his trial completed by a particular tribunal must in some instances be subordinated to the public's interest in fair trials designed to end in just judgments. 336 U.S. 684, 689, 69 S.Ct. 834, 837, 93 L.Ed. 974.

We decline to express an opinion on the rulings with respect to the evidence of unexplained wealth in this case because a district judge who tries the case again will not be bound by the prior rulings. We do note in passing, however, that this circuit has recognized that such evidence may be appropriate in drug conspiracy cases. See, e.g., *United States v. Underseal*, 42 F.3d 876, 878 (4th Cir.1994).

The judgment of the district court is accordingly

*VACATED AND THE CASE IS REMANDED FOR A NEW TRIAL.*