**UNITED STATES COURT OF APPEALS**
**Filed 8/2/96**
**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

DAVID BRUCE McDERMOTT, II,

      Defendant-Appellant.

No. 95-5271
(D.C. No. 93-CR-163-E)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **EBEL**, and **HENRY**, Circuit Judges.[**]

David Bruce McDermott, II, appeals the district court's denial of his pretrial

motions to dismiss on grounds of double jeopardy, collateral estoppel, and res judicata.

The district court's order constituted a "final decision" for purposes of satisfying the

jurisdictional prerequisite of 28 U.S.C. § 1291. Abney v. United States, 431 U.S. 651,

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

662 (1977). We therefore have jurisdiction over this interlocutory appeal.

The facts of this case were set forth in United States v. McDermott, 64 F.3d 1448 (10th Cir. 1995), cert. denied, 116 S. Ct. 930 (1996), so we need only summarize the relevant facts here. In May 1993, federal authorities seized a pickup truck and boat belonging to McDermott. In July, the FBI notified him that it was proceeding administratively to forfeit the property on grounds relating to drug trafficking, pursuant to 21 U.S.C. § 881(a)(4) and (a)(6). McDermott contested the administrative forfeiture, and the government filed a civil judicial forfeiture complaint which McDermott answered on November 2, 1993.

On November 3, a federal grand jury indicted McDermott, charging him with engaging in a continuing criminal enterprise ("CCE"); conspiracy to possess with intent to distribute, and conspiracy to distribute, marijuana; and travel in interstate commerce with intent to promote, manage, establish and facilitate distribution of marijuana. The conspiracy count also alleged that McDermott's pickup and boat were subject to criminal forfeiture pursuant to 21 U.S.C. § 853. On November 23, the civil forfeiture case was stayed pending the outcome of the criminal case.

After a six day trial at which McDermott proceeded pro se, a jury convicted him on the CCE and interstate travel counts, and found that the boat and pickup were subject to criminal forfeiture in connection with the conspiracy count. The court sentenced McDermott and signed a final order of criminal forfeiture. After the criminal

forfeiture was final, the government sought and was granted dismissal of the civil forfeiture proceeding.

McDermott appealed his conviction to this court on several grounds, one of which was that the criminal prosecution subjected him to double jeopardy because the government had previously filed a civil forfeiture complaint against him to which he had responded. We held: "This civil proceeding [the civil forfeiture] never got to a hearing or a settlement, so jeopardy cannot have attached. The criminal case was not double jeopardy." McDermott, 64 F.3d at 1455. In addition to holding that McDermott was not placed in double jeopardy, we held that the evidence was sufficient to support his conviction. However, because we found that his Sixth Amendment right to self-representation had been violated, we remanded his case for a new trial. Id. at 1457.

On remand, McDermott brought these pretrial motions for dismissal, which were denied by the district court on December 7, 1995. McDermott presents six issues on appeal. First, McDermott argues that he already has been punished by the criminal forfeiture of his property, and therefore may not be subjected to additional criminal punishment for the same conduct. However, in this case the criminal forfeiture was charged in the initial criminal indictment. Congress has determined that certain drug offenses are punishable both by imprisonment and by forfeiture of tainted property, see 28 U.S.C. § 853, and this determination is entirely consistent with the constitution, see, e.g., United States v. $8,850, 461 U.S. 555, 567 (1983) (a "criminal proceeding . . . may often

include forfeiture as part of the sentence"). McDermott was convicted of the criminal conduct charged in that indictment, but his conviction was overturned due to a trial error. It is well established that the Double Jeopardy Clause is no bar to retrial under these circumstances. Lockhart v. Nelson, 488 U.S. 33, 38 (1988). McDermott's first argument therefore must fail.[1]

McDermott next raises several arguments relating to the civil forfeiture proceeding that was brought against his property and subsequently dismissed. He argues that the dismissal of the civil judicial forfeiture constituted a "final decision" between the parties, and therefore relitigation of the same issues is barred. He further argues that the criminal indictment was brought to penalize him for contesting the civil forfeiture, and therefore should be dismissed. Finally, McDermott claims that the stay of the civil forfeiture proceeding pending the result of the criminal case violated his double jeopardy rights.

We note first that the civil forfeiture action was dismissed only because a final order of forfeiture for the subject property had already been entered in the criminal case. See Order docketed 7/14/94 (Appellant's reply br., exh. K). The dismissal thus constituted no determination on the merits of any issue. Nor do we find persuasive

---

[1] McDermott also protests that the property has already been disposed of by the government, and if he is acquitted, he will not get it back. He argues that this is a double jeopardy violation. The government asserts that McDermott failed to request a stay of sale of his property while the underlying criminal case was on appeal. Even if McDermott's property had been taken improperly , this would not raise a double jeopardy bar to his criminal trial; rather, his remedy would be to file a Fed. R. Crim. P. 41(e) motion after acquittal.

McDermott's argument that the government brought criminal charges against McDermott to punish him for contesting the civil forfeiture.

As to McDermott's double jeopardy argument, we have already held that McDermott was not placed in jeopardy by the initiation of the civil forfeiture action. Any claim that the continued pendency of the civil forfeiture action violated McDermott's protection against double jeopardy has been foreclosed by United States v. Ursery, No. 95-345, 1996 WL 340815 (U.S. June 24, 1996). In Ursery, the Supreme Court held that, in general, in rem civil forfeitures do not constitute punishment for purposes of the Double Jeopardy Clause. Id. at *2. Accordingly, double jeopardy protections are not implicated by the government's decision to both punish a defendant for a criminal offense and forfeit his property for that same offense in a separate civil proceeding.

McDermott finally raises two arguments in connection with the conspiracy count, of which the jury failed to convict him and which the government voluntarily dismissed at sentencing. Order dated 12/7/95, R.O.A., Vol. I, doc. 199, at 2. First, McDermott appears to assert that the dismissal bars the parties from relitigating any aspect of the criminal indictment. Second, he argues that retrial is barred because the jury's conclusion that his property was subject to forfeiture was the equivalent of a conviction on a lesser included offense of the conspiracy charge.

Count One of the indictment against McDermott charged the CCE. One of the elements of the CCE was the conspiracy charged and described in Count Two, which was

incorporated by reference into Count One. See Indictment, filed Nov. 3, 1993 (Appellant's reply br., add., at 1). As required by Fed. R. Crim. P. 7(c)(2), the indictment specified the extent of the interest or property subject to forfeiture. Although this specification was contained in Count Two, it, along with the other details of the drug conspiracy, was incorporated into Count One. The jury convicted McDermott of Count One, and, as required by Fed. R. Crim. P. 31(e), brought in a special verdict as to the extent of the property alleged in the indictment subject to forfeiture. See Final Order of Forfeiture, dated 7/6/94 (Appellant's reply br., exh. I). The final order of forfeiture specified that Count Two had been incorporated into Count One. (Id.).

The government voluntarily dismissed Count Two because it merged into the CCE Count. See, e.g., United States v. Rivera, 900 F.2d 1462, 1478 (10th Cir. 1990). Such a dismissal does not implicate the doctrines of res judicata or collateral estoppel. Jury silence, moreover, does not in all circumstances constitute an implied acquittal. See United States v. Ham, 58 F.3d 78, 85 (4th Cir.) ("The jury's failure to check a predicate act does not constitute an implied acquittal of that act."), cert. denied, 116 S. Ct. 513 (1995); Schiro v. Farley, 114 S. Ct. 783, 792 (1994) (although in some circumstances, jury silence is tantamount to an acquittal for double jeopardy purposes, "[t]he failure to return a verdict does not have collateral estoppel effect . . . unless the record establishes that the issue was actually and necessarily decided in the defendant's favor."). McDermott relies on the rule that where a jury is instructed on both a greater and lesser

offense, and convicts the defendant only of the lesser offense, the defendant may not thereafter be retried for the greater offense; he has been impliedly acquitted. Green v. United States, 355 U.S. 184, 190-91 (1957). Contrary to McDermott's apparent belief, however, criminal forfeiture is not a lesser included offense of drug conspiracy. Criminal forfeiture pursuant to 21 U.S.C. § 853 is not a separate substantive drug offense; rather, it is an element of the sentence imposed following a defendant's conviction for certain drug offenses, Libretti v. United States, 116 S. Ct. 356, 363 (1995), including the CCE for which he was convicted. See 21 U.S.C. § 848(a). In any event, McDermott's argument is moot as the government has not attempted to reindict McDermott for the charges contained in Count Two, and has disclaimed any intention of doing so. See Br. of Appee at 12.

For the foregoing reasons, the district court's order denying McDermott's pretrial motions is AFFIRMED. Stand-by counsel's motion to file a supplemental brief is DENIED. The mandate shall issue forthwith.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge