**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 07-4789**

─────────────

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

JERMAIN BETEA, a/k/a Jermaine Betea,

               Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Claude M. Hilton, Senior District Judge.  (1:06-cr-305)

─────────────

Submitted:  August 28, 2008     Decided:  September 23, 2008

─────────────

Before TRAXLER and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Frank Salvato, Alexandria, Virginia, for Appellant.  Chuck Rosenberg, United States Attorney, Michael E. Rich, James P. Gillis, Assistant United States Attorneys, Conor B. Dugan, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jermain Betea appeals his jury conviction and sentence to 108 months for conspiracy in violation of 18 U.S.C. § 371 (2000), altering United States currency in violation of 18 U.S.C. §§ 2, 471 (2000), two counts of causing a person to move in interstate commerce to be defrauded in violation of 18 U.S.C. §§ 2, 2314 (2000), and obstruction of justice involving another criminal case in violation of 18 U.S.C. § 1503 (2000). On appeal, Betea contends the district court erred in allowing the Government a third trial after two hung-jury mistrials, erred in admitting evidence, and erred in calculating his sentencing range. We affirm.

Betea first argues the district court erred in allowing the Government to try him three separate times, implicating his double jeopardy rights and violating his right to fair proceedings. However, it is well-settled that a mistrial is properly granted when a jury is deadlocked; a defendant may be retried following a hung-jury mistrial; and due process does not require dismissal of the indictment. See United States v. Goodine, 400 F.3d 202, 207 (4th Cir. 2005) (citing Richardson v. United States, 468 U.S. 317, 325 (1984)); United States v. Ndame, 87 F.3d 114, 115 (4th Cir. 1996) (citing Arizona v. Washington, 434 U.S. 497, 505 (1978)).

Betea next contends that the district court improperly admitted his tax returns showing he had zero taxable income for three years preceding certain conduct alleged in his indictment.

Betea objected to admission of the evidence based on relevance. The Government argued the evidence tended to show that Betea lied to law enforcement officers when he told them he had taken a trip to Florida to purchase a restaurant, a beauty parlor, and beauty supply materials, making it more probable that he was really involved in a "black money scam" as alleged by the Government and that he had lied to them about matters charged in the obstruction count. The district court concluded the Government was entitled to put in the evidence regarding Betea's financial condition.

On appeal, Betea contends the evidence was not only irrelevant under Fed. R. Evid. 401, but its admission was also unduly prejudicial under Fed. R. Evid. 403. "A district court's evidentiary rulings are entitled to substantial deference and will not be reversed absent a clear abuse of discretion." United States v. Moore, 27 F.3d 969, 974 (4th Cir. 1994). "We will find that discretion to have been abused only when the district court acted 'arbitrarily or irrationally.'" Id. (quoting United States v. Ham, 998 F.2d 1247, 1252 (4th Cir. 1993)).

To preserve a claim of error predicated upon a ruling which admits evidence, a party must make a timely objection "stating the specific ground of objection, if the specific ground was not apparent from the context." Fed. R. Evid. 103(a)(1). "Where counsel fails adequately to present and preserve an objection on the record, we review the admission of evidence solely

for plain error." United States v. Brewer, 1 F.3d 1430, 1434 (4th Cir. 1993).

"Under Federal Rule of Evidence 403, relevant evidence 'may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice.'" United States v. Myers, 280 F.3d 407, 413 (4th Cir. 2002). "Because the evidence sought to be excluded under Rule 403 is concededly probative, the balance under Rule 403 should be struck in favor of admissibility, and evidence should be excluded only sparingly." United States v. Aramony, 88 F.3d 1369, 1378 (4th Cir. 1996). We have "interpreted Rule 403 to require the exclusion of evidence only in those instances where the trial judge believes that there is a genuine risk that the emotions of the jury will be excited to irrational behavior, and that this risk is disproportionate to the probative value of the offered evidence." United States v. Van Metre, 150 F.3d 339, 350 (4th Cir. 1998) (internal quotations and citations omitted).

We have reviewed the record and conclude that the district court did not abuse its discretion or plainly err in admitting Betea's tax returns. Finally, Betea contends that the district court erred in calculating his advisory guideline range, and his resulting sentence is unreasonable.

We review Betea's sentence under a deferential abuse-of-discretion standard. See Gall v. United States, 128 S. Ct. 586, 590 (2007). The first step in this review requires us to ensure

- 4 -

that the district court committed no significant procedural error, such as improperly calculating the guideline range. <u>United States v. Osborne</u>, 514 F.3d 377, 387 (4th Cir. 2008), <u>cert. denied</u>, 128 S. Ct. 2525 (2008). In assessing the district court's guideline application, we review the court's factual findings for clear error and its legal conclusions de novo. <u>United States v. Allen</u>, 446 F.3d 522, 527 (4th Cir. 2006). We then consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances. <u>Gall</u>, 128 S. Ct. at 597. We presume a sentence within a properly calculated guideline range is reasonable. <u>United States v. Allen</u>, 491 F.3d 178, 193 (4th Cir. 2007).

Betea contends the district court erred in sentencing him on the obstruction count by applying the cross reference under <u>U.S. Sentencing Guidelines Manual</u> § 2J1.2(c)(1) (2006), because he was a victim of the criminal offense for which he was convicted of obstructing, i.e., Betea's kidnapping by a man Betea had scammed and the man's associates, and Betea did not actually impact the investigation and prosecution of the offense. However, application of this provision is appropriate regardless of any actual impact. <u>See</u> <u>United States v. Aragon</u>, 983 F.2d 1306, 1315-16 (4th Cir. 1993). Moreover, its application is mandatory when the offense involves obstructing the investigation or prosecution of a criminal offense, regardless of whether the underlying offense was committed

- 5 -

by the defendant or another person.  See United States v. Brenson, 104 F.3d 1267, 1285 (11th Cir. 1997).

Therefore, the district court properly determined Betea's advisory guideline range was 108 to 135 months.  Betea further contends his sentence at the low end of the range is unreasonable, because it is harsher than the sentences of the kidnappers who testified against him and his co-defendants in the fraud case. However, Betea's co-defendants were not charged with obstruction, and the kidnappers were not charged in the fraud case and received sentence reductions for cooperating with the Government.  We conclude Betea's sentence is reasonable.

Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED