655 P.2d 1024

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Richard OROSCO, Defendant-Appellant.**

**No. 5731.**

Court of Appeals of New Mexico.

Dec. 2, 1982.

R. Raymond Twohig, Jr., Deaton & Twohig, Albuquerque, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Anthony Tupler, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

HENDLEY, Judge.

We granted defendant's application for an interlocutory appeal from an adverse ruling of the trial court on defendant's motion to dismiss a criminal information charging him with battery on a peace officer, contrary to § 30–22–24, N.M.S.A. 1978. Defendant's motion was based upon the theory of collateral estoppel. We reverse and remand to the trial court with directions to grant defendant's motion and dismiss the criminal information.

On February 15, 1981, defendant was charged in the Lea County Magistrate Court with resisting and obstructing an officer, and disorderly conduct, contrary to §§ 30–22–1 and 30–20–1, N.M.S.A. 1978, respectively. On the same day, defendant was charged in the district court with the felony of battery on a peace officer. All the charges arose from the same event that occurred at the drag races earlier that day.

On September 20, 1981, a preliminary hearing was held on the charge of battery on a peace officer. By agreement of counsel, the same evidence was applied to the misdemeanor charges of resisting and obstructing an officer, and disorderly conduct. The magistrate found the defendant not guilty of the misdemeanor charges. Defendant was bound over to district court on the felony charge.

The magistrate was called as a witness for the defense at the hearing on defendant's motion to dismiss the charge of assault on a peace officer. The magistrate explained that his reasons for the acquittal were two: because defendant was acting "in defense of his dad", and for the reason that he did not "believe anybody should be charged with three, four different charges for one action." In the district court's denial of defendant's motion to dismiss, the trial court found as a fact that the defense of protection of his father was believed by the magistrate and was the basis for the acquittals. The trial court further found that:

The finding by Judge Hayes is a finding by a fact finder on an issue of ultimate fact which would bar redetermination of that issue in accordance with the principle of collateral estoppel in this case.

However, the Magistrate Court did not have jurisdiction to try the felony charge which is pending in this case. As a result, *State vs. James,* 93 N.M. 605, 603 P.2d 715 (1979) therefore bars application of the collateral estoppel doctrine in the present prosecution.

The question before us is simply whether, after a magistrate's determination that defendant was not guilty because he was acting in defense of another, the State could constitutionally bring him before a new fact finder to relitigate that issue. The answer is no.

In *State v. James,* 93 N.M. 605, 603 P.2d 715 (1979), after deciding that jeopardy had not attached, our Supreme Court went on to state:

We also reassert the jurisdictional exception to using a lesser included offense as a bar to prosecution of the greater offense. This exception was set forth in *State v. Goodson,* 54 N.M. 184, 186, 217 P.2d 262, 263 (1950), where the Court quoted the following language from 1 F. Wharton, Criminal Law § 394 (12th ed.):

And a conviction of a lesser offense bars a subsequent prosecution for a greater offense, in all those cases where the lesser offense is included in the greater offense, and vice versa. But a former trial and acquittal or conviction will not be a bar to a subsequent prosecution, unless the defendant could have been convicted on the same evidence in the former trial, of the offense charged in the subsequent trial. An acquittal or conviction for a minor offense included in a greater will not bar a prosecution for the greater if the court in which the acquittal or conviction was had was without jurisdiction to try the accused for the greater offense.

This exception was recognized in the specially concurring opinion of Justice Sosa in *State v. Tanton,* 88 N.M. 333, 337, 540 P.2d 813, 817 (1975):

I would hold that conviction bars prosecution of a greater offense, subject to one exception: If the court does not have jurisdiction to try the crime, double jeopardy cannot attach. Double jeopardy requires that a court have sufficient jurisdiction to try the charge.

This exception does not conflict with the United States Supreme Court decision in *Waller v. Florida,* 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970). The *Waller* decision stands for the proposition that two courts within a state—district and municipal—cannot each try a person for the same crime. However, the Supreme Court recognized the possible existence of exceptions to this rule. *Id.* at 395, n. 6, 90 S.Ct. 1184. In *Ashe v. Swenson,* 397 U.S. 436, 453, 90 S.Ct. 1189 [1199], 25 L.Ed.2d 469 (1970), Mr. Justice Brennan specified and elaborated upon several of these exceptions in his concurring opinion. He stated: "Another exception would be necessary if no single court had jurisdiction of all the alleged crimes." Id. at 453, n. 7, 90 S.Ct. at 1199, n. 7.

In *James* the Supreme Court relied on footnote 6 of *Waller v. Florida,* 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970), for the proposition that the United States Supreme Court recognized the possible existence of exceptions to the rule that two courts within a state cannot each try a person for the same crime. Footnote 6 states:

If petitioner has committed offenses not embraced within the charges against him in the municipal court he may, or may not, be subject to further prosecution depending on statutes of limitation and other restrictions not covered by the double jeopardy restraints of the Constitutions of Florida and of the United States.

 *James* only dealt with the lesser included offense rule and not collateral estoppel, *Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), or the same evidence rule, *State v. Tanton,* 88 N.M. 333, 540 P.2d 813 (1975), which has also been used in analyzing double jeopardy guaran-tees. The rule of collateral estoppel comes into play when an ultimate fact has once been determined at a previous trial. The same evidence rule comes into play when the facts offered in the magistrate court would not necessarily sustain a conviction in the second trial in the district court. In the instant case we are concerned with collateral estoppel because we are dealing with the proposition of whether an ultimate fact was determined in the magistrate court. Accordingly, *James* is not applicable. Further, it appears that *James* is not in conformity with *Brown v. Ohio,* 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977); or, *Robinson v. Neil,* 409 U.S. 505, 93 S.Ct. 876, 35 L.Ed.2d 29 (1973). We do not discuss this aspect because of *Alexander v. Delgado,* 84 N.M. 717, 507 P.2d 778 (1973).

In *Ashe v. Swenson,* the United States Supreme Court stated:

"Collateral estoppel" is an awkward phrase, but it stands for an extremely important principle in our adversary system of justice. It means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit. Although first developed in civil litigation, collateral estoppel has been an established rule of federal criminal law at least since this Court's decision more than 50 years ago in *United States v. Oppenheimer,* 242 U.S. 85, 37 S.Ct. 68, 61 L.Ed. 161. As Mr. Justice Holmes put the matter in that case, "It cannot be that the safeguards of the person, so often and so rightly mentioned with solemn reverence, are less than those that protect from a liability in debt." 242 U.S., at 87, 37 S.Ct. at 69. [Footnote omitted.] As a rule of federal law, therefore, "[i]t is much too late to suggest that this principle is not fully applicable to a former judgment in a criminal case, either because of lack of 'mutuality' or because the judgment may reflect only a belief that the Government had not met the higher burden of proof exacted in such cases for the Government's evidence as a

whole although not necessarily as to every link in the chain." *United States v. Kramer,* 289 F.2d 909, 913 [2 Cir.1961].

The federal decisions have made clear that the rule of collateral estoppel in criminal cases is not to be applied with the hypertechnical and archaic approach of a 19th century pleading book, but with realism and rationality. Where a previous judgment of acquittal was based upon a general verdict, as is usually the case, this approach requires a court to "examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration." [Footnote omitted.] The inquiry "must be set in a practical frame and viewed with an eye to all the circumstances of the proceedings." *Sealfon v. United States,* 332 U.S. 575, 579, 68 S.Ct. 237, 240 [92 L.Ed. 180]. Any test more technically restrictive would, of course, simply amount to a rejection of the rule of collateral estoppel in criminal proceedings, at least in every case where the first judgment was based upon a general verdict of acquittal. [Footnote omitted.]

[2] The relevant inquiry is what was the basis for the acquittal in the magistrate court. The trial court found as a fact that defendant's acquittal was based on defendant's action in protecting his father, and that this identical defense would be used in the battery upon a police officer charge. These findings of fact are supported by the record. Although the State suggests that the real reason for the acquittal was the magistrate's policy determination that de-

fendant should not be subjected to a multiplicity of charges, the district court found that the reason for the acquittals was a favorable ruling on the defense. There was evidence to support this finding and, in accordance with well established principles of appellate review, we will not disturb it on appeal. *State v. Lankford,* 92 N.M. 1, 582 P.2d 378 (1978).

■■■ Once the State sought a determination in magistrate court and was given an adverse ruling, it cannot seek a redetermination of the same fact anticipating a favorable ruling. The relationship between the State and the magistrate system is not one between sovereigns. *See Robert E. McKee, Gen. Con., Inc. v. Bureau of Revenue,* 80 N.M. 453, 457 P.2d 701 (1969). "A county is but a political subdivision of the State, and it possesses only such powers as are expressly granted to it by the Legislature[.]" *El Dorado at Santa Fe, Inc. v. Board of Cty. Com'rs,* 89 N.M. 313, 551 P.2d 1360 (1976). The State is barred from a second bite of the apple. It is prohibited from doing so because collateral estoppel is a part of the Fifth Amendment's guarantee against double jeopardy. *Ashe v. Swenson.*

Reversed and remanded to the trial court with directions to grant defendant's motion and dismiss the criminal information.

IT IS SO ORDERED.

LOPEZ and NEAL, JJ., concur.