1998-NMCA-130

967 P.2d 449

**CITY OF ROSWELL, State of New Mexico, Plaintiff–Appellee,**

v.

**William L. HANCOCK, Defendant–Appellant.**

**No. 18531.**

Court of Appeals of New Mexico.

July 7, 1998.

Certiorari Denied, No. 25,331, Sept. 14, 1998.

Randolph Toth, City Attorney, Roswell, for Appellee.

Reuben L. Hancock, Miller, Gutzmer, Vandivere & Hancock, P.C., Amarillo, TX, for Appellant.

## OPINION

DONNELLY, J.

{1} Appellant appeals from a judgment convicting him of maintaining unsanitary or hazardous premises, contrary to Roswell, N.M., Ordinance Section 19–6 (Supp. Nos. 2 & 10). On appeal we consider Appellant's (1) claim of double jeopardy based upon a prior dismissal and a prior acquittal in separate proceedings involving the same charges, (2) defense of collateral estoppel, (3) claim of insufficiency of the evidence, and (4) challenge to the constitutionality of the city ordinance. For the reasons discussed herein, we affirm.

### FACTS AND PROCEDURAL POSTURE

{2} Appellant has been charged with violation of the same City of Roswell (City) ordinance on two prior occasions. On February 24, 1994, he was charged with "unsanitary premises" by criminal complaint filed in the municipal court. Appellant was convicted of maintaining unsanitary premises in the municipal court on April 12, 1994. Appellant appealed that conviction to the district court. There, the charges were dismissed at the request of the City in July 1994. On November 16, 1995, the City filed two criminal complaints against Appellant charging him with "unsanitary premises; abandonment of dangerous containers." The municipal court found Appellant guilty as charged on July 2, 1996. Appellant again appealed the convictions to the district court. On appeal Appellant was found not guilty in a judgment and order entered September 25, 1996.

{3} On September 17, 1996, Appellant was charged a third time with violating City Ordinance Section 19–6, and he was also charged with abandonment of dangerous containers. He was convicted in municipal court of violating both code provisions and following another appeal to the district court, he was convicted and found guilty of maintaining unsanitary premises but acquitted of the charge of abandonment of dangerous containers. The district court, in an order entered on April 18, 1997, directed Appellant to remove the solid waste and inoperable vehicles located on his property within sixty days and to pay mandatory court costs.

### CLAIM OF DOUBLE JEOPARDY

{4} Appellant contends his conviction of violating City Ordinance Section 19–6 is barred under the United States and New Mexico constitutional provisions which prohibit multiple prosecutions on double jeopardy grounds. See U.S. Const. amends. V and XIV; N.M. Const. art. II, § 15. He argues that the dismissal of a similar charge in 1994 and his subsequent acquittal in the spring of 1996 of violating City Ordinance Section 19–6 preclude his prosecution a third time by the City for violation of the same ordinance.

{5} Appellant correctly notes that state and federal constitutional prohibitions against double jeopardy apply to prosecutions for violation of municipal ordinances. See City of Cedar Falls v. Flett, 330 N.W.2d 251, 257 (Iowa 1983) (protection against double jeopardy precludes municipality imposing multiple punishments for same offense). However, the defense of double jeopardy does not apply to successive prosecutions

where there has been a significant time lapse between a prior alleged violation and a distinct criminal act. *See Swafford v. State,* 112 N.M. 3, 11–12, 810 P.2d 1223, 1231–32 (1991); *State v. Pisio,* 119 N.M. 252, 260–61, 889 P.2d 860, 868–69 (Ct.App.1994). As observed in *Swafford,* the Double Jeopardy Clause protects against a second prosecution for the same offense after acquittal, protects against a second prosecution for the same offense after conviction, and protects against multiple punishments for the same offense. *See Swafford,* 112 N.M. at 7, 810 P.2d at 1227. However, double jeopardy will not bar successive prosecutions when the time span between, and other circumstances surrounding, the two instances of conduct show sufficient distinctness between the acts charged. *See id.* at 13, 810 P.2d at 1233 ("[I]f the defendant commits two discrete acts violative of the same statutory offense, but separated by sufficient indicia of distinctness, ... [the] court may impose separate ... punishments[.]"); *see also State v. Handa,* 120 N.M. 38, 43, 897 P.2d 225, 230 (Ct.App.1995) (factors in determining whether acts are separate and distinct include, among other things, the time between the alleged criminal acts).

{6}   Roswell City Ordinance Section 19–6 provides in applicable part:

(a) It shall be unlawful for any person to permit or cause to remain in or about his premises any solid waste, automobiles not in operating condition, waste water or any conglomeration or residue thereof, which emits odors or serves as a feeding or breeding place for flies, insects or rodents and which, in the opinion of the sanitation officer, is unsanitary or injurious to public health.

(b) The accumulation of building materials, pipes, lumber or boxes may be maintained on such premises if such accumulation is evenly piled and stacked for a reasonable length of time to be determined by the sanitation officer.

(c) It shall be unlawful for any person to permit, in or about his premises any solid waste to become in any way hazardous or injurious to public health or to obstruct pedestrian traffic.

{7}   In *City of Cleveland v. Fogos,* 103 Ohio App.3d 39, 658 N.E.2d 789, 794 (Ohio Ct.App.1995), the court considered a similar argument to that raised by Appellant here. In *Fogos* the defendant was charged with successive violations of a city zoning ordinance restricting the use of a vacant lot as a parking lot without complying with zoning requirements and city approval. *Id.* at 790. The defendant moved for a judgment of acquittal on the ground that he had previously been prosecuted and acquitted for the same offense involving a claim of illegal parking on the same property. *Id.* The motion was denied and, on appeal, the Court of Appeals affirmed the defendant's conviction, stating that "the city's right to protect the safety and health of its citizens should not be hampered by a creative legal fiat that might endanger the lives of the populace. The Double Jeopardy Clause does not create an implied immunity for a continuous violation...." *Id.* at 794. The court also determined that "[b]ecause the ordinances were enacted to promote health, safety, morals and general welfare of the public, ... enforcement [of such ordinances] must be *continuous* to effectuate their purpose." *Id.* at 791. *See also Nesby v. City of Montgomery,* 652 So.2d 784, 788–90 (Ala.Crim.App.1994) (double jeopardy did not preclude prosecution, even though defendant had previously been prosecuted for violation of same ordinance where, under ordinance, presence of junk vehicles in yard was a continuing offense).

{8}   Here, it is clear that the initial charge against Appellant alleged that he maintained unsanitary premises on January 20, 1994. The second charge alleged that Appellant was guilty of violating the same ordinance on January 6, 1995. Violation of the same ordinance giving rise to the present appeal was alleged to have occurred on September 17, 1996, more than twenty months after the earlier offense alleged in 1995.

{9}   Appellant, although not disputing that the present charge of violating City Ordinance Section 19–6 is alleged to have occurred on a different date, asserts that the time interval between the latter charge and the earlier alleged violations is not controlling under the circumstances shown here,

because Roberta Vasquez, the City's Code Enforcement Officer, testified that the condition of the property in question had not materially changed since the filing of the earlier complaints.

{10} We find this argument unpersuasive. As discussed above, where the charged offense is in the nature of a continuing offense, a discrete time interval may provide the basis for a separate and distinct violation of a statute. Granted, the condition of the property may not have been demonstrably altered over the period of time encompassed by the separate complaints against Appellant. As the record indicates, the predicate conduct to the various complaints was parking inoperable vehicles on the property, as well as maintaining unusable refrigerators and various building materials and auto parts on the premises. But the offenses occurred on different dates, and those dates were shown to have been sufficiently separated by time so that the present charge constitutes a separately punishable offense. *See State v. Mares*, 112 N.M. 193, 199–200, 812 P.2d 1341, 1347–48 (Ct.App.1991) (discussing relevant factors in determining whether defendant's acts constitute distinct acts).

## COLLATERAL ESTOPPEL

{11} Appellant asserts that the dismissal of the first charge and his subsequent acquittal on the second charge collaterally estops the City from pursuing his prosecution for violation of the same ordinance a third time. Appellant does not separately brief the issue of collateral estoppel except to say that it is the same as his double jeopardy issues. To the extent that the issues are the same, we think the same factors which render Appellant's double jeopardy claims invalid also apply to this issue.

{12} Collateral estoppel may bar the relitigation of ultimate facts or issues actually decided in a prior criminal action. *See State v. Nagel*, 87 N.M. 434, 436, 535 P.2d 641, 643 (Ct.App.1975) (holding principle of collateral estoppel is embodied in Fifth Amendment protection of double jeopardy); *see also State v. Orosco*, 99 N.M. 180, 183, 655 P.2d 1024, 1027 (Ct.App.1982) (state collaterally estopped from charging defendant in district court with felony arising from facts

and evidence of event where defendant successfully asserted defense in magistrate court).

{13} As observed in *State v. Bishop*, 113 N.M. 732, 734, 832 P.2d 793, 795 (Ct.App. 1992), in order for collateral estoppel to apply, the following elements must be present:

(1) the party against whom collateral estoppel is asserted must be the same party or be in privity with the party to the original action; (2) the subject matter or the cause of action in the two suits must be different; (3) the ultimate facts or issues must have been actually litigated; and, (4) the issue must have been necessarily determined.

{14} Yet, Appellant has provided us with no record showing what was actually litigated and necessarily decided in the prior proceedings. Moreover, the one paragraph of his brief addressing this issue does not assert what was litigated and decided or argue the effect of what was litigated and decided. Under these circumstances, Appellant's issue is without merit.

## SUFFICIENCY OF EVIDENCE

{15} Appellant argues that in order to prove a violation of City Ordinance Section 19–6, the City is required to present evidence by a municipal sanitation officer that the premises of Appellant was "unsanitary or injurious to public health" on the date of the alleged offense. More specifically, Appellant points to language in the ordinance which states it is unlawful for an individual

to permit or cause to remain in or about his premises any solid waste, automobiles not in operating condition, waste water or any conglomeration or residue thereof, which emits odors or serves as a feeding or breeding place for flies, insects or rodents and which, *in the opinion of the sanitation officer, is unsanitary or injurious to public health.*

City Ordinance Section 19–6(a) (emphasis added). Appellant contends that although there was evidence indicating the presence of inoperable automobiles on the premises,

there was no evidence these items created a hazardous or unsanitary condition.

{16} Appellant contends the City Council, in adopting the ordinance, intended that the phrase *"in the opinion of the sanitation officer"* require that the City present evidence from a sanitation officer showing that any items, including inoperable automobiles, located on the premises are, in fact, unsanitary or injurious to the public in order to prove a violation of the ordinance. We disagree with Appellant's interpretation of the ordinance.

{17} We do not believe City Ordinance Section 19–6(a) can reasonably be limited to instances where a sanitation officer finds that the keeping of such items will result in "unsanitary [conditions] injurious to public health." The ordinance section may be violated by either maintaining solid waste, inoperable automobiles, or waste water, *or* by allowing conglomerations or residue therefrom to result in unsanitary or hazardous conditions on property within the city. *See State v. Elmquist,* 114 N.M. 551, 552–53, 844 P.2d 131, 132–33 (Ct.App.1992) (qualifying words are normally applied to phrase immediately preceding statute and not construed as extending to more remote phrases); *see also State v. Dunsmore,* 119 N.M. 431, 433, 891 P.2d 572, 574 (Ct.App.1995) ("The use of the disjunctive 'or' indicates that the statute may be violated by any of the enumerated methods.").

{18} Because there was clear evidence that Appellant permitted or caused to remain several inoperable automobiles on the premises utilized by him in conducting his business, there was sufficient evidence from which the district court could properly find Appellant violated the ordinance.

## CONSTITUTIONAL ISSUES

{19} Lastly, Appellant challenges the constitutionality of the ordinance under which he was convicted, asserting that the ordinance improperly delegates to a sanitation officer what constitutes unsanitary or conditions injurious to public health, and that the ordinance provision is vague and ambiguous.

{20} We think these challenges too must fail. First, as noted above, the basis for the violation found by the district court was Appellant's acts of maintaining "solid waste and inoperable vehicles" upon the premises used by him to conduct his business. By virtue of Appellant's violation of the ordinance in this manner, evidence or testimony by a sanitation officer that the premises were "unsanitary or injurious to public health" was unnecessary. The mere act of storing solid waste or the accumulation of inoperable vehicles upon such property was sufficient to establish a violation of such ordinance without the necessity of any testimony from a municipal officer concerning whether such vehicles created an unsanitary condition or were hazardous.

{21} Second, in order to prevail on a challenge to the validity of a statute on the ground of vagueness, a party must show that he or she was exposed to criminal sanctions without a fair warning as to the nature of the proscribed conduct. *See State v. Segotta,* 100 N.M. 498, 499–500, 672 P.2d 1129, 1130–31 (1983); *see also State v. James M.,* 111 N.M. 473, 477, 806 P.2d 1063, 1067 (Ct. App.1990). Here, it is clear that the ordinance specifically precludes maintaining solid waste and inoperable vehicles on private property within the City. Based on our review of the ordinance, we do not believe an individual would be required to guess as to the type of conduct which is proscribed thereunder.

## CONCLUSION

{22} The order of the district court is affirmed.

{23} IT IS SO ORDERED.

PICKARD and BUSTAMANTE, JJ., concur.