This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-38716**

**STATE OF NEW MEXICO,**

 Plaintiff-Appellee,

v.

**MANUAL SANDOVAL,**

 Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Daylene A. Marsh, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

L. Helen Bennett, P.C.
L. Helen Bennett
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**HANISEE, Chief Judge.**

**{1}** Defendant appeals his conviction for receiving stolen property contrary to NMSA 1978, Section 30-16-11 (2006). We issued a notice of proposed summary disposition in this matter proposing to affirm. Defendant has filed a memorandum in opposition, which we have duly considered. We remain unpersuaded that our initial proposed disposition was incorrect, and we therefore affirm.

**{2}** Defendant continues to argue that his right to be free from double jeopardy was violated. "A double jeopardy challenge is a constitutional question of law which we review de novo." *State v. Swick*, 2012-NMSC-018, ¶ 10, 279 P.3d 747; *see also See*

*State v. Cummings*, 2018-NMCA-055, ¶ 6, 425 P.3d 745 ("We generally apply a de novo standard of review to the constitutional question of whether there has been a double jeopardy violation.").

**{3}**     Briefly stated, the facts relevant to Defendant's double jeopardy issue are as follows. Defendant was initially tried for larceny and receiving stolen property in relation to the theft of a Bobcat skid-steer from his employer. [DS 1] The district court entered a directed verdict on the larceny charge, and the jury was therefore instructed only on the charge of receiving stolen property. *See State v. Baca*, 2015-NMSC-021, ¶ 32, 352 P.3d 1151 (recognizing that in New Mexico precedent, a trial court's dismissal based on insufficient evidence to support a conviction has the effect of an acquittal, whether characterized as a directed verdict or other resolution of guilt or innocence). The jury was unable to reach a verdict, and the district court declared a mistrial. The State then retried Defendant for receiving stolen property, and he was convicted.

**{4}**     Defendant now argues that because a person cannot be convicted for both larceny and receiving stolen property where the same property is at issue, it logically follows that double jeopardy must bar a subsequent prosecution for receiving stolen property when there has been a prior acquittal for larceny. [MIO 2-3] *See State v. Tapia*, 1976-NMCA-042, ¶ 1, 12-13, 89 N.M. 221, 549 P.2d 636 (recognizing that a thief of property cannot violate the receiving stolen property statute based on receipt or possession of the property because the thief cannot receive the property from himself).

**{5}**     "In general, the federal double jeopardy clause protects against (1) a second prosecution for the same offense after an acquittal, (2) a second prosecution for the same offense after a conviction, and (3) multiple punishments for the same offense." *State v. Jimenez*, 2007-NMCA-005, ¶ 14, 141 N.M. 106, 151 P.3d 67. Defendant's specific double jeopardy claim invokes the principal of collateral estoppel or issue preclusion contained within the prohibition against a second prosecution for the same offense after acquittal. *See State v. Montoya*, 2013-NMSC-020, ¶ 27, 306 P.3d 426 (recognizing that the double jeopardy guarantee against a second prosecution after acquittal includes the concept of collateral estoppel or issue preclusion); *see also State v. Arevaldo*, 2002-NMCA-062, ¶ 8, 132 N.M. 306, 47 P.3d 866 ("The principle of collateral estoppel is embodied in the Fifth Amendment to the Constitution of the United States guaranty against double jeopardy and is fully applicable to states by force of the Fourteenth Amendment."). "Issue preclusion in the double jeopardy context 'means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.' " *State v. Collier*, 2013-NMSC-015, ¶ 24, 301 P.3d 370 (quoting *Ashe v. Swenson*, 397 U.S. 436, 443 (1970)).

**{6}**     We understand Defendant to argue specifically that the issue of whether he stole the Bobcat was already decided against the State by the directed verdict on the larceny charge, and he therefore could not be charged with a subsequent offense requiring proof that he stole the property. [MIO 2-3] However, Defendant's acquittal on the larceny charge did not necessarily encompass a determination that he did not steal the

Bobcat. In order to convict for larceny, the State is required to prove that a defendant (1) took and carried away property belonging to another, and (2) at the time he took the property, the defendant intended to permanently deprive the owner of it. *See* UJI 14-1601 NMRA (setting out the essential elements of larceny). The district court could have concluded that larceny was not proven based on a lack of sufficient evidence to prove the specific intent to permanently deprive the owner of the property without necessarily deciding that there was insufficient evidence to show that Defendant took or carried away the Bobcat. *See Collier*, 2013-NMSC-015, ¶ 25 (holding that, where the record was unclear on whether the defendant was acquitted of felony cruelty to animals based on a failure to prove that the defendant "tortured, mutilated or injured" an animal or based on a failure to prove the mens rea of acting "intentionally or maliciously" double jeopardy did not bar retrial for misdemeanor cruelty to animals because whether the defendant acted maliciously or intentionally would be irrelevant to prove misdemeanor cruelty to animals).

**{7}**      Moreover, Defendant has not pointed to anything in the record of the first trial to establish on what basis the district court determined that the State had failed to prove larceny. *See State v. Abril*, 2003-NMCA-111, ¶ 26, 134 N.M. 326, 76 P.3d 644 (recognizing that the defendant bears the burden of proof to establish the factual predicate for application of collateral estoppel and that an issue of ultimate fact was resolved by the factfinder in his favor), *overruled on other grounds by State v. Torres*, 2012-NMCA-026, 272 P.3d 689; *City of Roswell v. Hancock*, 1998-NMCA-130, ¶ 14, 126 N.M. 109, 967 P.2d 449 (rejecting the defendant's argument that the state was collaterally estopped from prosecuting him after an acquittal where the defendant did not provide a record showing what was actually decided and necessarily litigated in the prior proceeding); *see also State v. Sanchez*, 1996-NMCA-089, ¶ 11, 122 N.M. 280, 923 P.2d 1165 ("We place the burden on the defendant, the party raising the double jeopardy challenge, to provide a sufficient record for the court to . . . complete the remainder of the double jeopardy analysis.").

**{8}**      However, even assuming that the district court entered a directed verdict on larceny due to insufficient evidence that Defendant personally took and carried away the Bobcat, based on our review of the jury instruction for receiving stolen property, Defendant's theft of the Bobcat was not at issue in the trial for receiving stolen property. The jury instruction for stolen property required the State to prove that between September 14, 2015 and November 8, 2015, (1) the Bobcat had been stolen by another; (2) Defendant acquired possession of this property; (3) at the time Defendant acquired possession of this property he knew or believed that it had been stolen, and (4) the property had a market value of over $2,500. [RP 330] These essential elements of receiving stolen property were not necessarily decided against the State by a judicial determination that the evidence was insufficient to prove that Defendant stole the Bobcat. Rather, the State's evidence and theory at trial was that Defendant was involved as a co-conspirator in facilitating the theft by other persons, not that Defendant personally took and carried away the Bobcat. [DS 1, 3] *See State v. Tijerina*, 1973-NMSC-105, ¶ 7, 86 N.M. 31, 519 P.2d 127 (recognizing that the doctrine of collateral

estoppel bars a second prosecution where fact-finder in the first trial necessarily or actually determined the same issues that state attempts to raise in second trial)

**{9}** Additionally, as Defendant was not acquitted of conspiracy in relation to the theft, we see no error in the State pursuing a theory that Defendant was tangentially involved in the theft of the property at the second trial; and, such evidence would be relevant to prove his knowledge that the property was stolen, an essential element of receiving stolen property. [RP 432] *See generally State v. Armijo*, 1976-NMCA-126, ¶ 20, 90 N.M. 12, 558 P.2d 1151 ("[C]onspiracy and the completed offenses are separate offenses and conviction of both does not amount to double jeopardy.").

**{10}** For these reasons, Defendant's right to be free from double jeopardy was not violated by his conviction for receiving stolen property following his acquittal for larceny, and we reject this assertion of error.

**{11}** Defendant does not set forth any additional facts or argument in his memorandum in opposition in response to our proposed disposition of either his argument that certain evidence was improperly admitted or his argument that he was denied due process because of juror bias. Accordingly, we adhere to our original analysis of these issues and affirm for the reasons set out in the notice of proposed summary disposition.

**CONCLUSION**

**{12}** For these reasons, we affirm.

**{13}** **IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**KRISTINA BOGARDUS, Judge**