**John E. BEEBE, Petitioner,**

v.

**Michael NELSON, et al., Respondents.**

**No. 95–3496–DES.**

United States District Court,
D. Kansas.

Feb. 22, 1999.

John E. Beebe, El Dorado, KS, pro se.

Athena E. Andaya, Office of Attorney General, Topeka, KS, Kevin C. Fletcher, United States Attny's Office, Sioux City, IA, for Michael Nelson, Carla J. Stovall.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on a petition for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner, a prisoner in

the custody of the State of Kansas, proceeds pro se and in forma pauperis in this matter.

Petitioner is serving two concurrent life sentences for convictions arising from the death of Lawrence Capps. Petitioner was first convicted by a jury in 1987 on charges of aiding and abetting first degree murder and aggravated kidnapping. The jury acquitted petitioner on the charge of aggravated robbery, and remained silent on the alternative murder charge of felony murder. On review, the Kansas Supreme Court reversed the convictions, finding merit in petitioner's claim that the prosecutor impermissibly commented on petitioner's failure to testify. *State v. Beebe,* 244 Kan. 48, 766 P.2d 158 (1988).

In petitioner's second trial, he was charged with aiding and abetting first degree murder, felony murder, and aggravated kidnapping. The jury convicted petitioner on all three charges. The court again sentenced petitioner to two concurrent life sentences for the convictions of aiding and abetting first degree murder, and aggravated kidnapping. The court imposed no sentence for the separate conviction of felony murder. The Kansas Supreme Court affirmed the convictions. *State v. Beebe,* Appeal No. 64,126, 802 P.2d 592 (unpublished opinion, Dec. 7, 1990).

The following factual basis underlying petitioner's convictions, as set forth by the Kansas Supreme Court, is supported by the record and is presumed correct:

> On the evening of January 1, 1987, Lawrence Leland Capps left his mother's home in Andover to do his laundry. Mr. Capps was eighteen years old. He stopped at a friend's apartment in Augusta and stayed there from 9:00 p.m. until after midnight. He returned to the apartment shortly after his departure, stating that he had car trouble. The friend offered to let him stay the night but the young man declined. Mr. Capps then went to a pay phone on the street below to telephone his father for a ride home.

> While Mr. Capps was in the telephone booth, a pickup truck stopped. The truck was owned by Billy Horton. Horton, Billy Mathis, and defendant were in the truck. Mr. Capps was offered a ride home and climbed into the back of the truck. The truck's three original occupants were in the truck seat. On the way to Andover, the three decided to rob Mr. Capps. The truck was driven to a deserted farmhouse. Capps became alarmed and commenced hitting and kicking the rear window of the truck. At the farm the three men beat Capps and Mathis took the victim's billfold and some change from a pocket. Defendant had a pistol which was fired several times into the air and the ground during the beating and robbery.

> Capps was ordered back into the rear of the truck. Initially, the three men planned to leave Capps somewhere without further harm to him. While driving from the farm, they decided that because he could identify them, they would kill him. They drove to a secluded area near the Whitewater River. The victim stepped down from the truck and Mathis shot him in the back of the head with defendant's gun. The three men tied up the body with a chain and cinder block from the truck and dropped the body in the river.

> On January 5, 1987, Mathis walked into the Douglas Police Department, confessed to the crimes, and led the officers to the body. Mathis told of the involvement of Horton and defendant. Defendant was convicted of first-degree murder and of aggravated kidnapping. *State v. Beebe,* unpublished opinion in Appeal No. 64,126, pp. 2–4, 802 P.2d 592 (1990) (quoting *State v. Beebe,* 244 Kan. at 49–50, 766 P.2d 158).

In this habeas corpus action, petitioner proceeds on two issues. First, he claims his prosecution on the charge of felony murder in his second trial violated the constitutional prohibition against double jeopardy. Second, he claims prosecutorial

misconduct again denied petitioner a fundamentally fair trial.

█ Because petitioner filed this case before the enactment of the Antiterrorism and Effective Death Penalty Act (AEDPA), the pre-amendment standards of review under the "old" habeas statute prior to the passage of AEDPA apply. *See Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997); *Richmond v. Embry*, 122 F.3d 866, 870 (10th Cir. 1997), *cert. denied*, — U.S. —, 118 S.Ct. 1065, 140 L.Ed.2d 126 (1998).

*Double Jeopardy*

█ The Double Jeopardy Clause of the Fifth Amendment guarantees that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V. This constitutional protection is extended through the Due Process Clause of the Fourteenth Amendment to state prosecutions. *Benton v. Maryland*, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). Relevant to the claim asserted in the instant petition, the Double Jeopardy Clause encompasses protection against re-prosecution after being acquitted of the offense. *Ohio v. Johnson*, 467 U.S. 493, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984).

Here, petitioner argues his re-prosecution on the charge of felony murder subjected him to double jeopardy because the first jury acquitted him of that offense. The court does not agree.

█ It is long established that the Double Jeopardy Clause does not bar the retrial of a defendant whose conviction simply has been reversed on appeal. *United States v. Ball*, 163 U.S. 662, 672, 16 S.Ct. 1192, 41 L.Ed. 300 (1896); *Montana v. Hall*, 481 U.S. 400, 402, 107 S.Ct. 1825, 95 L.Ed.2d 354 (1987). The recognized exception forbidding retrial after the reversal of a conviction for insufficient evidence, *Burks v. United States*, 437 U.S. 1, 18, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), is not applicable under the facts of petitioner's case, where the sufficiency of the evidence supporting his murder conviction

was not at issue. *See Id.*, 437 U.S. at 15, 98 S.Ct. 2141 ("reversal for trial error, as distinguished from evidentiary insufficiency, does not constitute a decision to the effect that the government has failed to prove its case"). Nor does petitioner's case factually benefit from the recognition that particularly egregious prosecutorial misconduct in the context of mistrial can trigger protections under the Double Jeopardy Clause, *Oregon v. Kennedy*, 456 U.S. 667, 679, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982). Accordingly, the Double Jeopardy Clause does not bar petitioner's prosecution on the murder charge that was overturned in petitioner's state appeal.

█ It is also well established that an undisturbed acquittal establishes former jeopardy for purposes of preventing retrial on the same charge(s). *Green v. United States*, 355 U.S. 184, 187, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957). Petitioner argues the silence of the first jury regarding petitioner's guilt or innocence on the alternative murder charge of felony murder constituted an acquittal of that charge for the purpose of double jeopardy, thereby barring any further prosecution. The court does not agree.

In petitioner's first trial, the trial court presented the two murder charges to the jury as alternative charges under the state first degree murder statute. The jury found petitioner guilty on the murder charge of aiding and abetting first degree murder, but rendered no judgment on the alternative murder charge of felony murder. On appeal, the state supreme court reversed petitioner's conviction and remanded the matter for a new trial, finding trial error by the prosecutor had denied petitioner a fair trial. In his second trial, petitioner was charged with separate rather than alternative murder charges of felony murder and aiding and abetting first degree murder. The jury found petitioner guilty on both charges, and the trial court sentenced petitioner on only one of the murder convictions, that of aiding and abetting first degree murder.

In *United States v. Wood,* 958 F.2d 963 (10th Cir.1992), the defendant was charged with making a false statement. The jury received six statements to consider, but were instructed that a unanimous verdict on one statement was sufficient. The jury found the defendant guilty of the charge based upon the first statement, and made no finding regarding the other five statements. The trial court later granted a defense motion for acquittal based on trial error, and granted a new trial. Prior to the second trial, the defendant argued that any submission of the five statements in support of his re-prosecution on the charge of making a false statement was barred by the Double Jeopardy Clause because the jury "implicitly acquitted" him by their silence in the first trial. The Tenth Circuit Court of Appeals rejected this claim. 958 F.2d at 971–72.

Similarly in the present case, petitioner's first jury was presented with alternative charges for finding him guilty of violating the state's first degree murder statute. The jury's silence in not picking the other alternative charge is not an "implied acquittal" barring any further prosecution on that charge. Also, because the first jury considered alternative charges of first degree murder, rather than lesser and greater offenses of that crime, the ordinary factual basis for recognizing an "implied acquittal" is not presented in this case. *See Ohio v. Johnson,* 467 U.S. 493, 501, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984) ("implied acquittal" results from a verdict convicting defendant on lesser included offenses rendered by a jury charged to consider both greater and lesser included offenses); *Green v. United States,* 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957) (after defendant's murder conviction was reversed for insufficient evidence, double jeopardy barred prosecution and conviction on first degree murder charge where first jury found defendant guilty of lesser included offense of second degree murder but was silent on greater charge of first degree murder).

## Fifth Amendment

 The Fifth Amendment privilege against self-incrimination, applicable to the states through the Fourteenth Amendment, *Malloy v. Hogan,* 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1964), prevents a prosecutor from commenting or relying at trial on the post-arrest silence of the defendant. *Doyle v. Ohio,* 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976). No *Doyle* violation results if the court sustains a timely objection, instructs the jury to disregard the question, and gives a curative instruction. *Greer v. Miller,* 483 U.S. 756, 764–65, 107 S.Ct. 3102, 97 L.Ed.2d 618 (1987). *See also, United States v. Sands,* 968 F.2d 1058, 1063 (10th Cir.1992) (prosecutor's reference to post-arrest, post-*Miranda* silence not reversible error where trial exchange was brief, defense promptly objected, and no request for curative instruction).

 For indirect commentary, the test for determining if there has been impermissible comment on a defendant's right to remain silent is " 'whether the language used was manifestly intended or was of such character that the jury would naturally and necessarily take it to be a comment' on the defendant's right to remain silent." *United States v. May,* 52 F.3d 885, 890 (10th Cir.1995) (*quoting United States v. Mora,* 845 F.2d 233, 235 (10th Cir.1988)). The context in which the commentary was made must be examined to determine the manifest intention which prompted it and its natural and necessary impact on the jury. *United States v. May,* 52 F.3d at 890. *See also United States v. Robinson,* 485 U.S. 25, 108 S.Ct. 864, 99 L.Ed.2d 23 (1988) (no Fifth Amendment violation where prosecutor's comment on defendant's silence was a fair response to defense counsel claim).

 To obtain relief for improper prosecutorial use of a defendant's post-arrest and post-*Miranda* silence, a habeas corpus petitioner must be able to show the alleged error denied him a fundamentally fair trial

by demonstrating the error had "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson,* 507 U.S. 619, 622–23, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (*quoting Kotteakos v. United States,* 328 U.S. 750, 776, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946)).

In the present case, petitioner claims the prosecutor improperly commented on his post-arrest and post-*Miranda* right to remain silent. The court finds the record does not support a finding of such constitutional error.

During petitioner's second trial, defense counsel cross-examined a sheriff officer regarding the officer's interviews with petitioner's two co-defendants (Horton and Mathis). The questioning included the officer's opinion that Mathis was the only co-defendant who was sorry about the murder. (Trial Transcript III–B, pp. 291–92) Through further questioning, defense counsel challenged the basis for this opinion by establishing that the officer had never talked to petitioner. (*Id.* at p. 292) On redirect, the prosecutor further established the officer had never interviewed petitioner, but had given petitioner the opportunity to do so. (*Id.* at 312) Defense counsel immediately objected and moved for a mistrial, indicating the prosecutor had improperly commented on the petitioner's right to remain silent. (*Id.*) The trial court overruled that objection, but after hearing argument outside the presence of the jury, agreed to admonish the jury to draw no inference from petitioner's exercise of his constitutional rights.[1] (*Id.* at 313 and 335–46)

The context of the questioning at issue would not naturally or necessarily lead a jury to conclude the prosecutor was commenting on petitioner's constitutional right to remain silent. But even assuming such a conclusion, the impact on the jury was negligible where the questioning was isolated, the jury was specifically instructed and admonished, and the evidence of petitioner's guilt[2] was overwhelming. Under these circumstances, the court has no hesitancy in finding the prosecutor's indirect commentary implicating petitioner's invocation of the Fifth Amendment right to be silent did not result in a "substantial and injurious effect or influence" on the jury's verdict of guilt.

*Conclusion*

Habeas corpus relief under § 2254 is available only on the ground that petitioner's custody "is in violation of the Constitution or laws or treaties of the Untied States." 28 U.S.C. § 2254(a). Finding no merit to petitioner's claim of constitutional error in his state court conviction, the court concludes petitioner is not entitled to habeas corpus relief under § 2254.

IT IS THEREFORE ORDERED that the petition for writ of habeas corpus is denied.

---

1. The admonishment, drafted by defense counsel and approved by the prosecutor, stated:

 "Ladies and gentlemen of the jury, at the conclusion of Captain Barnes' testimony Mr. Ward asked Captain Barnes if he had given John Beebe the opportunity to make a statement to law enforcement officers. Captain Barnes responded that he did give John Beebe that opportunity. You are instructed and admonished to disregard both the question and the answer. A criminal defendant has a constitutional right not to incriminate himself with his own statement. You should draw no inference from a defendant's exercise of that constitutional right." Trial Transcript, III–B, pp. 345–46.

2. Both co-defendants entered guilty pleas to murder and other criminal charges, and testified for the State regarding petitioner's involvement in the robbery, assault, and murder of the victim. Evidence from co-defendants' confessions and police interviews was also before the jury, as well as abundant corroborating physical evidence.