678 S.E.2d 26

**STATE of West Virginia, Plaintiff Below, Appellee,**

v.

**Gary Wayne KENT, Defendant Below, Appellant.**

No. 34153.

Supreme Court of Appeals of West Virginia.

Submitted March 24, 2009.

Decided April 30, 2009.

Joshua P. Sturm, Heidi M. Georgi Sturm, Fairmont, WV, James B. Zimarowski, Morgantown, WV, for Appellant.

Darrell V. McGraw, Jr., Attorney General, Dawn E. Warfield, Deputy Attorney General, Charleston, WV, for Appellee.

DAVIS, Justice.

■ In this criminal appeal, we are asked whether double jeopardy has been violated when a defendant, who has been charged with first-degree murder under alternative theories of premeditation and felony murder, is first convicted of premeditated murder with no jury finding as to felony murder, but, upon retrial following reversal of the conviction, is found guilty under the alternative theory of felony murder.

## I.

### FACTUAL AND PROCEDURAL HISTORY

On July 26, 1998, an officer of the Fairmont Police Department discovered the body of Thomas Allen in a van along the side of a dead-end road. Mr. Allen had sustained two fatal gunshots to the head. Mr. Gary Wayne Kent (hereinafter referred to as "Mr. Kent"), defendant below and appellant herein, was arrested in connection with the murder. A single-count indictment charged Mr. Kent with first-degree murder in violation of W. Va.Code § 61–2–1 (1991) (Repl. Vol. 2005).[1] At the conclusion of his trial, the jury was instructed that it could return one of five possible verdicts: (1) not guilty; (2) guilty of murder of the first degree (felony murder); (3) guilty of murder of the first degree (deliberate and premeditated); (4) guilty of murder of the second degree (a lesser-included offense of deliberate and premeditated murder); and (5) guilty of voluntary manslaughter (a lesser-included offense of deliberate and premeditated murder). The jury returned a verdict finding Mr. Kent guilty of murder of the first degree, deliberate and premeditated.

Mr. Kent appealed, and this Court reversed the conviction upon finding that he had been incompetent to stand trial. *See State v. Kent*, 213 W.Va. 535, 584 S.E.2d 169 (2003). At a hearing prior to his retrial, Mr. Kent argued that the jury should not be permitted to consider a charge of felony murder. The circuit court disagreed. At the conclusion of the second trial, the jury was given the choice of one of seven possible verdicts: (1) not guilty; (2) guilty of murder of the first degree (deliberate and premeditated); (3) guilty of murder of the first degree (deliberate and premeditated), with a recommendation of mercy; (4) guilty of murder of the first degree (felony murder); (5) guilty of murder of the first degree (felony murder), with a recommendation of mercy; (6) guilty of murder of the second degree; and (7) guilty of voluntary manslaughter. Upon this retrial, the jury returned a verdict finding Mr. Kent guilty of murder of the first degree, felony murder, and recommended mercy.

Mr. Kent filed motions for judgment of acquittal and for a new trial arguing, in relevant part, that double jeopardy prohibited the jury from considering felony murder in his second trial. By order entered June 13, 2007, the trial court denied the motion, concluding that,

> [i]n the first trial of this case, the jury found the Defendant guilty of murder of the first degree (deliberate and premeditated), and defense counsel take the position that this represents a jury finding of not guilty of murder of the first degree (felony murder). This Court simply does not agree with the Defendant's "implicit acquittal" theory. In addition, the cases

1. W. Va.Code § 61–2–1 (1991) (Repl. Vol. 2005) states:

   Murder by poison, lying in wait, imprisonment, starving, or by any willful, deliberate and premeditated killing, or in the commission of, or attempt to commit, arson, kidnapping, sexual assault, robbery, burglary, breaking and entering, escape from lawful custody, or a felony offense of manufacturing or delivering a controlled substance as defined in article four [§§ 60A–4–401 et seq.], chapter sixty-a of this code, is murder of the first degree. All other murder is murder of the second degree.

   In an indictment for murder and manslaughter, it shall not be necessary to set forth the manner in which, or the means by which, the death of the deceased was caused, but it shall be sufficient in every such indictment to charge that the defendant did feloniously, willfully, maliciously, deliberately and unlawfully slay, kill and murder the deceased.

cited by defense counsel in support of their position are cases which enjoin a jury from finding guilt of a higher offense in the second trial, and those cases do not fit the fact pattern which presents itself herein.

Mr. Kent then tendered his petition for appeal to this Court, raising various issues. This Court granted the petition only with respect to the issue of whether the jury's consideration of felony murder in Mr. Kent's second trial violated principles of double jeopardy. Upon review of the record tendered on appeal, the parties' arguments, made in their appellate briefs and during oral argument, and the relevant law, we affirm the ruling of the circuit court.

## II.

### STANDARD OF REVIEW

Mr. Kent appeals from the circuit court's denial of his "Motion for Judgment of Acquittal" and "Motion for a New Trial" on the ground that the circuit court erred in failing to conclude that the jury's consideration of felony murder in his second trial violated double jeopardy. Thus, the instant case presents this Court with a pure question of law. "Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995).

## III.

### DISCUSSION

This case presents an issue of first impression for this Court: when a jury is presented with alternate theories of first-degree murder and convicts on only one theory, remaining silent as to the other, does double jeopardy bar a retrial on the theory upon which the jury remained silent?

At the outset of our analysis, we observe that

2. Notably, double jeopardy is generally not a bar to a retrial of the same offense following reversal of the conviction:

Where a conviction and sentence are set aside and held to be void by motion of the defendant in the trial court, by appeal, or by habeas

[t]he Double Jeopardy Clause of the Fifth Amendment [to the United States Constitution] commands that "[n]o person shall . . . be subject for the same offense to be twice put in jeopardy of life or limb." Under this Clause, once a defendant is placed in jeopardy for an offense, and jeopardy terminates with respect to that offense, the defendant may neither be tried nor punished a second time for the same offense.

*Sattazahn v. Pennsylvania*, 537 U.S. 101, 106, 123 S.Ct. 732, 736, 154 L.Ed.2d 588 (2003) (citing *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969)). Moreover,

[i]n Syllabus point 3 of *State v. Gill*, we acknowledged that this federal mandate is imposed upon the states through the operation of the Fourteenth Amendment to the United States Constitution: "In *Benton v. Maryland*, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969), the United States Supreme Court held that the Fifth Amendment constitutional guarantee against double jeopardy was binding on the states through the Fourteenth Amendment to the United States Constitution." 187 W.Va. 136, 416 S.E.2d 253 [(1992)].

*State v. Easton*, 203 W.Va. 631, 650–51, 510 S.E.2d 465, 484–85 (1998) (footnote omitted). In addition to the federal double jeopardy clause,

"[t]he Double Jeopardy Clause in Article III, Section 5 of the *West Virginia Constitution*, provides immunity from further prosecution where a court having jurisdiction has acquitted the accused. It protects against a second prosecution for the same offense after conviction. It also prohibits multiple punishments for the same offense." Syllabus Point 1, *Conner v. Griffith*, 160 W.Va. 680, 238 S.E.2d 529 (1977).

Syl. pt. 2, *State v. Gill*, 187 W.Va. 136, 416 S.E.2d 253 (1992).[2] Thus, the federal and

corpus proceedings, double jeopardy is not applicable because in each instance it is waived and there is no inhibition to another trial for the same offense.

Syl. pt. 2, *State v. Holland*, 149 W.Va. 731, 143 S.E.2d 148 (1965). However, this rule does not

state "[d]ouble [j]eopardy [c]lause[s] encompass[ ] protection against re-prosecution after being acquitted of [an] offense." *Beebe v. Nelson*, 37 F.Supp.2d 1304, 1307 (D.Kan. 1999) (citing *Ohio v. Johnson*, 467 U.S. 493, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984)). *See also State v. Wade*, 284 Kan. 527, 543, 161 P.3d 704, 715 (2007) ("[A] defendant may not be subjected to a second trial after an acquittal on the charges in the first trial.").

Mr. Kent contends that his conviction by the jury of premeditated murder in his first trial amounted to an implied acquittal of the charge of felony murder. Therefore, he reasons, the jury's consideration of felony murder in his second trial violated double jeopardy. In support of his argument, Mr. Kent relies primarily on the decision in *Green v. United States*, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957), in which the United States Supreme Court concluded that a conviction of a lesser-included offense amounted to an implied acquittal of a greater offense charged. Thus, under *Green*, reversal of a lesser-included offense precludes the defendant from being retried on the greater offense. Mr. Kent contends that the same rationale should be extended to premeditated murder and felony murder, such that conviction of one amounts to an implied acquittal of the other.

The State responds that *Green* is distinguishable from the case at bar in that premeditated murder and felony murder are merely alternative means of committing the same offense: first-degree murder. In the instant case, contends the State, Mr. Kent successfully appealed his conviction of first-degree murder, and he was retried for the same offense. Therefore, double jeopardy has not been violated. The State cites the case of *United States ex rel. Jackson v. Follette*, 462 F.2d 1041 (2d Cir.1972), as an example of a case where the court found no double jeopardy violation in circumstances similar to those involved in the case *sub judice*.

apply where the conviction has been reversed due to insufficient evidence. *See* Syl. pt. 3, *State v. Milam*, 163 W.Va. 752, 260 S.E.2d 295 (1979) ("'The Double Jeopardy Clause of the Federal and this State's Constitutions forbids a second

We agree with the State that the *Green* decision is distinguishable from the instant action. In *Green*, the defendant's first trial resulted in guilty verdicts on charges of arson and second-degree murder, but the jury did not find the defendant guilty of first-degree murder even though it had been given that option. *Green*, 355 U.S. at 186, 78 S.Ct. at 223, 2 L.Ed.2d 199. The conviction for second-degree murder was reversed on appeal as not supported by the evidence, and the case was remanded for a new trial. *Id.* At his second trial, the defendant was again tried for first-degree murder, over his double jeopardy objection. The second trial resulted in a verdict finding the defendant guilty of first-degree murder. The case was ultimately appealed to the United States Supreme Court, where the Court observed that "it has long been settled under the Fifth Amendment that a verdict of acquittal is final, ending a defendant's jeopardy, and even when 'not followed by any judgment, is a bar to a subsequent prosecution for the same offence.'" *Green*, 355 U.S. at 188, 78 S.Ct. at 223–24, 2 L.Ed.2d 199 (quoting *United States v. Ball*, 163 U.S. 662, 671, 16 S.Ct. 1192, 1195, 41 L.Ed. 300 (1896)). In rejecting the Government's argument that the defendant had waived his double jeopardy defense by successfully appealing his second-degree murder conviction, the Court explained that

[w]hen a man has been convicted of second degree murder and given a long term of imprisonment it is wholly fictional to say that he "chooses" to forego his constitutional defense of former jeopardy on a charge of murder in the first degree in order to secure a reversal of an erroneous conviction of the lesser offense. In short, he has no meaningful choice. And as Mr. Justice Holmes observed, with regard to this same matter in *Kepner v. United States*, 195 U.S. 100, at 135[, 24 S.Ct. 797, 807, 49 L.Ed. 114 (1904)]: "Usually no such waiver is expressed or thought of. Moreover, it cannot be imagined that the law would deny to a prisoner the correc-

trial for the purpose of affording the prosecution another opportunity to supply evidence which it failed to muster in the first proceeding.' Syllabus Point 4, *State v. Frazier*, 162 W.Va. 602, 252 S.E.2d 39 (1979).").

tion of a fatal error, unless he should waive other rights so important as to be saved by an express clause in the Constitution of the United States."

*Green,* 355 U.S. at 191–92, 78 S.Ct. at 226, 2 L.Ed.2d 199. The Court also observed that

Green was in direct peril of being convicted and punished for first degree murder at his first trial. He was forced to run the gauntlet once on that charge and the jury refused to convict him. When given the choice between finding him guilty of either first or second degree murder it chose the latter. In this situation the great majority of cases in this country have regarded the jury's verdict as an implicit acquittal on the charge of first degree murder.... Therefore it seems clear, under established principles of former jeopardy, that Green's jeopardy for first degree murder came to an end when the jury was discharged so that he could not be retried for that offense.

*Id.* at 190–91, 355 U.S. 184, 78 S.Ct. at 225, 2 L.Ed.2d 199 (citing *Wade v. Hunter,* 336 U.S. 684, 69 S.Ct. 834, 93 L.Ed. 974 (1949) (footnote omitted)). Finally, the Court elaborated that

[i]t is immaterial whether second degree murder is a lesser offense included in a charge of felony murder or not. The vital thing is that it is a distinct and different offense. If anything, the fact that it cannot be classified as "a lesser included offense" under the charge of felony murder buttresses our conclusion that Green was unconstitutionally twice placed in jeopardy. American courts have held with uniformity that where a defendant is charged with two offenses, neither of which is a lesser offense included within the other, and has been found guilty on one but not on the second he cannot be tried again on the second even though he secures reversal of the conviction and even though the two offenses are related offenses charged in the same indictment. *See, e.g.,* Annotation, 114 A.L.R. 1406.

*Id.* at 194 n. 14, 78 S.Ct. at 227 n. 14, 2 L.Ed.2d 199.

The foregoing comments by the *Green* Court demonstrate that the instant case is distinguishable from *Green* on a significant point. The Court in *Green* concluded that the jury's conviction of the defendant on a lesser offense amounted to an implied acquittal of a *different,* yet greater offense. Unlike *Green,* in the instant case the jury merely selected between two forms of the *same* offense. *See* Syl. pt. 5, in part, *Stuckey v. Trent,* 202 W.Va. 498, 505 S.E.2d 417 (1998) ("In West Virginia, (1) murder by any willful, deliberate and premeditated killing, and (2) felony-murder *constitute alternative means* under *W. Va.Code,* 61–2–1 [1987], *of committing the statutory offense of murder of the first degree.* ..." (emphasis added)). *See also* Syl. pt. 6, *State v. Sims,* 162 W.Va. 212, 248 S.E.2d 834 (1978) ("W. Va.Code, 61–2–1, enumerates three broad categories of homicide constituting first degree murder: (1) murder by poison, lying in wait, imprisonment, starving; (2) by any willful, deliberate and premeditated killing; (3) in the commission of, or attempt to commit, arson, rape, robbery or burglary.").

Furthermore, with respect to the *Green* opinion, it has also been observed that

[a] conviction ... can establish a fact that binds the parties in a subsequent litigation. If that fact is inconsistent with the defendant's guilt of a particular crime, he cannot be reprosecuted for that crime. That is all that "implied acquittal" means. Green's conviction of second-degree murder established the existence of a fact (the state of mind required for that offense) that was inconsistent with his being guilty of first-degree murder, so his subsequent conviction of that offense was barred.

*Kennedy v. Washington,* 986 F.2d 1129, 1134 (7th Cir.1993). *See also United States v. Ham,* 58 F.3d 78, 85 (4th Cir.1995) ("A jury's failure to decide an issue will be treated as an implied acquittal only where the jury's verdict necessarily resolves an issue in the defendant's favor." (citation omitted)). The instant case, unlike *Green,* did not involve a conviction of a lesser offense that established a fact inconsistent with Mr. Kent's guilt of first-degree murder. Rather, the jury merely elected between two alternative forms of first-degree murder.

Several courts addressing the effect of a jury electing among alternative means of committing first-degree murder have likewise concluded that the election of one means is *not* an implied acquittal of other means. One such case is *Beebe v. Nelson*, 37 F.Supp.2d 1304, 1307 (D.Kan.1999). The defendant in *Beebe* was found guilty of the murder charge of aiding and abetting first-degree murder in a trial where the jury made no judgment on the alternative murder charge of felony murder. The conviction was overturned on appeal.[3] On retrial, the defendant was "charged with separate rather than alternative murder charges of felony murder and aiding and abetting first degree murder," and the jury found him "guilty on both charges." *Beebe*, 37 F.Supp.2d at 1307.[4] On appeal, the defendant argued that the jury's silence on the charge of felony murder in his first trial amounted to an implied acquittal, rendering the second jury's consideration of the same offense a violation of double jeopardy. In rejecting this argument, the *Beebe* Court reasoned that,

> in the present case, petitioner's first jury was presented with alternative charges for finding him guilty of violating the state's first degree murder statute. The jury's silence in not picking the other alternative charge is not an "implied acquittal" barring any further prosecution on that charge. Also, because the first jury considered alternative charges of first degree murder, rather than lesser and greater offenses of that crime, the ordinary factual basis for recognizing an "implied acquittal" is not presented in this case. *See Ohio v. Johnson*, 467 U.S. 493, 501, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984) ("implied acquittal" results from a verdict convicting defendant on lesser included offenses rendered by a jury charged to consider both greater and lesser included offenses); *Green v. United States*, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957) (after defendant's murder conviction was reversed for insufficient evidence, double jeopardy barred prosecu-

tion and conviction on first degree murder charge where first jury found defendant guilty of lesser included offense of second degree murder but was silent on greater charge of first degree murder).

*Beebe*, 37 F.Supp.2d at 1308.

The Supreme Court of Kansas has similarly concluded that a jury's silence on an alternative murder charge does not amount to an implied acquittal. That Court explained,

> [t]he fallacy in [the defendant's] reasoning is that the verdict form does not tell us that the jury *acquitted* him of premeditated murder, *i.e.*, unanimously found him not guilty.... Rather, we simply know that all 12 jurors agreed that [the defendant] was guilty of first-degree murder by the alternative means of felony murder.... However, unanimity on felony murder does not necessarily mean that all 12 jurors were likewise unanimous in voting not guilty of first-degree premeditated murder.... Contrary to [the defendant's] assertion, the verdict forms do not establish that the jury acquitted [the defendant] on the premeditated first-degree murder charge. Without an acquittal, double jeopardy does not apply.

*State v. Wade*, 284 Kan. 527, 543–44, 161 P.3d 704, 715 (2007). *See also United States ex rel. Jackson v. Follette*, 462 F.2d 1041 (2d Cir.1972) (concluding that double jeopardy was not violated where jury in first trial convicted defendant of premeditated murder and remained silent as to felony murder, and, on retrial following appeal, second jury convicted defendant of felony murder); *Commonwealth v. Carlino*, 449 Mass. 71, 78–80, 865 N.E.2d 767, 774–75 (2007) (commenting that "[c]ourts have refused to imply an acquittal unless a conviction of one crime logically excludes guilt of another crime" (collecting cases); and concluding that "[i]n this case, we cannot discern the jury's intention from their silence. The jury's failure to check the felony-murder box could not operate as a conviction; likewise, it does not operate as an

---

**3.** The conviction was overturned based upon the appellate court's conclusion that prosecutorial error had denied the petitioner a fair trial. *Beebe v. Nelson*, 37 F.Supp.2d 1304, 1307 (D.Kan.1999).

**4.** However, he was sentenced only as to his conviction for aiding and abetting first-degree murder. *Beebe*, 37 F.Supp.2d at 1307.

acquittal. We are satisfied that the interests of justice are not served by entry of an acquittal by accident or supposition."). *Cf. State v. Pexa*, 574 N.W.2d 344, 347 (Iowa 1998) (deciding, in a context other than first-degree murder, that "[a] failure to consider an alternative definition of the offense charged does not constitute an acquittal of that offense for double jeopardy purposes" (citations omitted)).

■ Based upon the foregoing discussion, we now hold that, where a jury is presented with alternative theories of finding a defendant guilty of first-degree murder, and the jury convicts on only one theory while remaining silent as to the other(s), there has been no acquittal of the defendant with respect to any theories upon which the jury remained silent. Therefore, following reversal of the conviction on grounds other than insufficiency of the evidence, the defendant may be retried on any of those theories upon which the jury remained silent without violating the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, or the Double Jeopardy Clause found in Article III, Section 5 of the West Virginia Constitution.

Applying this holding to the instant case, we find no error in the jury's consideration of felony murder at the conclusion of Mr. Kent's second trial. At his first trial, the jury was instructed to return only one of five possible verdicts, which verdicts included the two theories of first-degree murder. The jury found the defendant guilty of deliberate and premeditated first-degree murder, and remained silent as to the alternative theory of felony murder. Because premeditated murder and felony murder are but two alternative theories for establishing first-degree murder, the jury's election of one theory in Mr. Kent's first trial did not amount to an implied acquittal of the other theory. Consequently, double jeopardy did not bar the jury's consideration of felony murder in Mr. Kent's second trial.

## IV.

### CONCLUSION

For the reasons explained in the body of this opinion, the June 13, 2007, order of the Circuit Court of Marion County is hereby affirmed.

Affirmed.